1817.

DONALDSON *against* FULLER.

*Philadelphia.*

IN ERROR.

*Saturday,*
*December 20.*

ERROR to the Court of Common Pleas of *Philadelphia* county.

This was an action on the case brought by *Fuller*, the plaintiff below, against *Donaldson*. The declaration contained but one count for work, labour, and services, and materials found. The plea was *non assumpsit*. It appeared by the evidence placed on the record that the plaintiff was a pilot, who, together with several other pilots, all in the same boat, boarded a ship called the *George* and *Albert*, bound to *Philadelphia*, of which the defendant was master. The plaintiff was the first who went on board the ship, and offered to take charge of her, and pilot her up to *Philadelphia*; but the defendant gave the preference to *Barnes*, one of the other pilots, who was in the boat, and refused to employ the defendant. The plaintiff insisted on his right to have the pilotage, being the first who had offered his service, upon which the defendant told him to leave the ship, and go on board his boat again; and added, that if he was entitled to the pilotage, his leaving the ship should not injure his claim, with other words importing, in substance, that he should be paid if the law allowed him the pilotage in consequence of being the first who offered himself. In consequence of this conversation the plaintiff left the ship, and *Barnes* brought her up to *Philadelphia*, and received the pay for it. It further appeared in evidence, that the pilots in one boat regulated among themselves the turn of each to pilot a vessel by lot, or in rotation: and when the *George* and *Albert* appeared, it was the plaintiff's turn. Upon this evidence the Court below charged the jury, that the plaintiff was entitled to recover, and he obtained a verdict.

*Drinker*, for the plaintiff in error.

1. The evidence did not support the declaration, which is for work, labour, and services, and materials found. But the

*Assumpsit for work, labour and services, does not lie, to recover pilotage, where the plaintiff left the vessel by the master's order, though the master agreed to pay him the pilotage, if by law he was entitled to it. The declaration should be on the special agreement.*

VOL. III.—3 S

1817.

DONALDSON
v.
FULLER.

evidence is, that the defendant would not permit the plaintiff to perform the services which he wished to perform. If the plaintiff is entitled to recover, he should have framed his declaration on the special agreement.

2. But he was not entitled to the pilotage. It is true, the act of 29th *March*, 1803, sect. 21, enacts that " the pilot who shall first offer himself to any inward bound ship or vessel, shall be entitled to take charge thereof." But the meaning of this is, that a pilot shall be taken from the first boat: the object being to encourage pilots to put out to sea to wait for vessels. How can a master of a vessel say who offered first, when there are five or six pilots on board?

3. The same section subjects the master to a penalty equal to half the pilotage, for refusal to take a pilot duly qualified; which penalty is payable to, and is to be sued for by, the wardens of the port. This was the proper remedy against the defendant, if he was in the wrong. A statute creating a new offence, and giving a special remedy, must be pursued. 2 *Burr*. 803. 5 *Johns*. 175.

*Shoemaker*, contra.

1. The defendant, by his own agreement, put himself in the same situation, if the plaintiff had a right to the pilotage, as if the plaintiff had performed the service. Besides, we offered to perform it, and he refused: and a tender and refusal is equivalent to performance. *B. N. P.* 71.

2. The law gives the right to the *man* who first offers: not to the *boat*. It says nothing about the boat. The legislature were well acquainted with the practice among pilots. The practice has been for half a dozen pilots to go in one boat. There are 130 pilots belonging to this port, and about 15 boats. It is clearly proved that the plaintiff was the first who offered.

3. As to the penalty, none was incurred. The defendant did not refuse to take a qualified pilot on board. He took the plaintiff on board, and then dismissed him, and took another. He made himself liable to pay both.

*Reply.* An offer to do a thing, cannot be pleaded as a thing done. If we ought to have taken the plaintiff as the one who first offered, we have incurred the penalty.

TILGHMAN C. J. A point much litigated both below and here, is, whether the pilot who first offers himself, be entitled, exclusively, to the pilotage of an inward bound ship, or whether the master of the ship has a right to take his choice of all the pilots who are in the same boat, with him who offers himself. It seems, the pilots regulate this matter by lot or by rotation, among themselves. Several go in the same boat, but only one offers his service, according to the agreement among themselves. When it becomes necessary to decide that point, we will do it; but be the law as it may, in that respect, the plaintiff cannot recover upon this declaration. He declares for works and services, done by him, for the defendant, at his special instance and request; and proves, that no work or services were done, and that the defendant, so far from requesting his services, absolutely refused to accept them. So that the evidence directly contradicts the declaration. If the plaintiff be entitled to recover on the merits of his case, he must declare specially, and state the truth of the transaction. I am of opinion that the charge of the Court was erroneous, and the judgment should be reversed, and a *venire facias de novo* awarded.

GIBSON J. was absent.

DUNCAN J. The declaration is for work, labour, and services, done and performed by *Fuller* at the request of, and for, *Donaldson*, the plaintiff in error, and for divers materials and necessary things used in and about the said work, found and provided by *Fuller* at the like special instance and request of *Donaldson*. The plea is *non assumpsit*.

The evidence given by *Fuller* was, that though he offered, and was ready to do the work, *Donaldson*, so far from requesting him to do the *work*, would not suffer him to do it. For the testimony of the plaintiff's witness, *Barnes*, is that *Fuller* did not want to leave the ship; that *Donaldson* said there was not room for *Barnes* and him both in the cabin; and that if he was entitled to the pilotage, his leaving the ship should be of no consequence; and if he was entitled to pilotage, by going up in the ship, he should be entitled by leaving her; and if he would go on board his boat he should be as much entitled as if he staid. *Barnes* received the full

1817.

DONALDSON
*v.*
FULLER.

pilotage. *Barnes* likewise proves, that *Fuller* did first offer himself to pilot the vessel, and was first on board her, for this purpose. The real grievance in this case consists in this, that *Fuller* stood in that situation by the laws of the land, that *Donaldson* was bound to employ him, and could employ no one else, to pilot his vessel; and, therefore, is bound to make him the allowance claimed by him for services never performed, as if they had been performed. Does this support the allegation of *Fuller*, the plaintiff below? Was that fact put in issue? Does the matter alleged, and the matter proved, either in form or substance, correspond? It is most evident that it does not.

The real matter in controversy, (and an important one it is to a numerous and valuable class of citizens,) is not raised on the record. It is, whether a regularly licensed pilot, who shall first offer himself to any inward bound vessel, is not entitled to the charge thereof; and, if he is so entitled, whether this is not exclusive of all other pilots; and whether, if the master of such vessel rejects him, and accepts of the service of another, a duty or obligation is not imposed of paying him, as if he had piloted the vessel. On this question I do not offer any opinion, as it does not necessarily arise on the present state of the pleadings. It is on the ground of variance alone, I give my opinion for reversing the judgment.

> Judgment reversed, and a *venire facias de novo* awarded.